IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Todd W. Farrell, | Case No. 3:15 CV 1432 |
| Plaintiff, | ORDER DENYING BENEFITS |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

The Commissioner of Social Security denied Plaintiff Todd Farrell disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Farrell timely filed a Complaint seeking judicial review of that decision (Doc. 1). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge James Knepp for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 6, 9, 10, 13, 14), the Magistrate Judge recommends this Court affirm the final decision of the Commissioner denying Farrell's claim for DIB and SSI (Doc. 15).

This matter is now before this Court on Farrell's Objection to the R&R (Doc. 16) and the Commissioner's Response (Doc. 17). This Court has reviewed *de novo* the Magistrate Judge's findings in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C). For the reasons below, this Court adopts the R&R and denies the claim for benefits.

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 15 at 1–15). Briefly, Farrell was forty-seven years old at the time of the hearing. He has a twelfth grade education, past military experience, and past work experience as an electrician, bowling alley manager, and material handler (Tr. at 54, 352). He claims DIB and SSI on the basis of back and neck problems, epilepsy, seizures, and mental health concerns including depression and "manic depressive/bi polar" (Tr. at 112).

**STANDARD OF REVIEW**

In reviewing a denial of DIB or SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (citations omitted). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot overturn the Commissioner's decision "so long as substantial evidence also

supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003).

## DISCUSSION

### Dr. Shapiro Opinion

Farrell argues the ALJ failed to give proper weight to the opinion of treating psychiatrist Howard Shapiro, who concluded Farrell was "totally disabled" (Tr. 1223). The ALJ gave "little weight" to Dr. Shapiro's opinion based on inconsistencies in the medical record (Tr. 26). Specifically, Dr. Shapiro's opinion that Farrell was disabled and had marked mental limitations conflicted with the evidence that he was capable of completing three- to four-step tasks, making judgments on complex work, dealing with frequent change, and responding appropriately to usual work situations (*id.*).

The ALJ properly considered the physicians' opinions and addressed the 20 C.F.R. § 404.1527(c)(2) factors in assigning weight among several medical sources. "[I]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *2 (July 2, 1996)). The treating physician rule ensures an ALJ gives "good reasons" for according a treating physician's opinion less than controlling weight. 20 C.F.R. § 404.1527(c)(2). "Good reasons" include, among other factors, the ALJ's examination of the "nature and extent of the treatment relationship" and the "supportability" of the opinion, according to which "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the Commissioner] will give that opinion." 20 C.F.R. § 404.1527(c)(2)(i)–(ii), (c)(3).

The ALJ provided "good reasons" for giving "little weight" to Dr. Shapiro's opinion. The ALJ noted inconsistencies between Dr. Shapiro's treatment notes and his medical source statements (*see generally* Tr. 25–26). *See Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2001) ("ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes."). For example, Dr. Shapiro's September 2012 medical source statement included clinical findings for sleep disturbance, mood disturbance, recurrent panic attacks, suicidal ideation or attempts, intrusive recollections of a traumatic experience, and generalized persistent anxiety (Tr. 1092). But his treatment notes from the same time period state that although Farrell was "[g]enerally anxious and restless," he did not have a "significantly depressed mood," suffered no suicidal thoughts, was "generally stable functioning," and experienced "no significant mood impairment" (Tr. 892). His treatment notes a few months later, in December 2012, suggest continued improvement, noting that Farrell's "mood has been stable without significant recurrence of depressive [symptoms];" his panic attacks were "manageable;" he experienced good results from his anxiety medication; he was sleeping better; and he experienced no suicidal thoughts (Tr. 1150). Dr. Shapiro's December 2013 medical source statement concluded Farrell was "totally disabled" and noted his most recent exam was on December 3 (Tr. 1223–24). Farrell's medical records do not appear to include treatment notes from this visit. The most recent encounter documented in the records was six months earlier, when Farrell reported he was working on his relationship with his wife and "communicating better than ever" (Tr. 1204). Dr. Shapiro diagnosed Farrell with a Global Assessment of Functioning ("GAF") score of 50 in both of his opinions, which suggests serious symptoms but is not inconsistent with the ability to work. *See Smith v. Comm'r of*

*Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). This contrary evidence goes to the "supportability" of Dr. Shapiro's assessment.

Farrell objects that the ALJ may not rely on stable or improving symptoms to discount a treating physician's opinion. Not so. *See, e.g.*, *Leeman*, 449 F. App'x at 497–98; *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (affirming ALJ decision not to defer to treating physician where documentation suggested improvement or at least stability). Similarly, Farrell also objects that the ALJ may not "play doctor" by substituting her interpretation of the medical records for a treating physician's opinion, if that opinion is supported by the medical evidence. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citation omitted); *see also Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir. 1963); *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006). But the ALJ offered no such independent medical finding here. Rather, she summarized Farrell's medical records and weighed Dr. Shapiro's opinion based on the factors in 20 C.F.R. § 404.1527(c)(2). Moreover, the ultimate conclusion whether a claimant is "disabled," as a legal matter, is left to the Commissioner. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 726 (6th Cir. 2014) ("A doctor's conclusion that a patient is disabled from all work may be considered . . . but could 'never be entitled to controlling weight or given special significance' because it may invade the ultimate disability issue reserved to the Commissioner.").

Finally, Farrell objects to the R&R's suggestion that Dr. Shapiro's opinions might have been based on Farrell's "subjective complaints," and therefore suspect. Farrell is correct that the ALJ made no explicit finding on this issue. However, unlike in *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 754 (6th Cir. 2011), the Magistrate Judge did not "scour the record" for evidence previously unaddressed by the ALJ. In this case, the ALJ identified and weighed all the relevant medical

opinions and also made specific findings as to Farrell's credibility. It is a fair inference both that Dr. Shapiro's conclusions may have been based -- at least in part -- on Farrell's self-reporting (*see, e.g.*, Tr. 25), and that the ALJ's conclusions about Farrell's credibility in turn may have influenced the weight allocated to Dr. Shapiro's opinion. Regardless, the R&R does not depend on this observation in reaching its conclusion: in light of Farrell's medical records as a whole, substantial evidence supports the ALJ's decision to afford Dr. Shapiro's opinion less than controlling weight.

**State Agency Consultant Opinions**

Farrell also argues the ALJ improperly gave "significant" or "great weight" to the State agency psychological consultant opinions regarding Farrell's specific work limitations (Tr. 27). Under certain circumstances, opinions from State agency medical consultants may be entitled to more weight than opinions from treating physicians. "There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011). Rather, "[t]he opinions need only be 'supported by evidence in the case record.'" *Id.* Unlike in *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013), the ALJ did not discount Dr. Shapiro's opinion in favor of the State agency consultants merely because they were inconsistent. Instead, as in *Helm*, she first considered Dr. Shapiro's opinion and provided good reasons for affording it less than controlling weight. She then properly assigned greater weight to the State agency consultant opinions based on her finding that those opinions were consistent with Farrell's testimony, activities of daily living, and medical records as a whole.

**Credibility Determination**

As correctly stated in the R&R, it is the ALJ's role to resolve conflicts in the evidence and decide questions of credibility. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). An ALJ's credibility assessment is "accorded great weight and deference." *Walters*, 127 F.3d at 531. This Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant's testimony] are reasonable and supported by substantial evidence in the record." *Jones*, 336 F.3d at 476.

Here, the ALJ made an adverse credibility finding because (1) Farrell's allegations were not consistent with his medical records as a whole; (2) Farrell's medications were "relatively effective in controlling [his] symptoms" (Tr. 22–23); (3) Farrell was only mildly limited in activities of daily living and was able to perform some residential maintenance work with his father and brother; and (4) Farrell presented a "generally unpersuasive appearance and demeanor while testifying at the hearing" (Tr. 23).

Farrell objects that his ability to perform activities of daily living is not inconsistent with a finding of disability. He also asserts "[i]t is hard to believe" he did not receive significant accommodations while working for family members. Farrell's argument is unpersuasive. He does not point to any evidence of accommodations presented to the ALJ, nor does he identify any findings as mischaracterizing his daily activities. *Cf. Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248–49 (6th Cir. 2007). The ALJ did not treat Farrell's activities of daily living as dispositive, but merely weighed that evidence as one factor in determining Farrell's residual function capacity ("RFC").

Farrell also objects that the ALJ unduly relied on his appearance at the hearing in discounting his credibility. It is true that an ALJ may not rely solely on a claimant's demeanor as a reason for

7

denying benefits. *King v. Heckler*, 742 F.2d 968, 975 n.2 (6th Cir. 1984). But the ALJ did not do so here. In fact, she explicitly stated that Farrell's appearance at the hearing was only one consideration "among many being relied on in reaching a conclusion regarding the credibility of [Farrell's] allegations and [his] residual functional capacity" (Tr. 23).

## CONCLUSION

Farrell's Objection (Doc. 16) is overruled, and this Court adopts the R&R (Doc. 15). The claim for benefits is denied.

IT IS SO ORDERED.
                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              September 12, 2016